**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>MKB RESCOM LLC,<br><br>    Defendant. | Case No. 20-cv-01460-BLF<br><br>**ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT**<br><br>[Re: ECF No. 14] |

In this action, Plaintiff Scott Johnson asserts claims under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51–52 ("Unruh Act"). *See* ECF No. 1. Johnson seeks injunctive relief, statutory damages, attorneys' fees, and costs of suit. *Id.* Defendant MKB Rescom LLC ("MKB Rescom") has failed to appear in this matter. At Johnson's request, the Clerk of Court has entered default against the Defendant. *See* ECF No. 12.

Now before the Court is Johnson's motion for default judgment. ECF No. 14 ("Mot."). Johnson has provided a proof of service showing that he served the motion on the Defendant, *see* ECF No. 14-11 ¶ 5, although there is no notice requirement for Johnson's motion. *See* Fed. R. Civ. P. 55(a), (b)(2). On February 15, 2022, the Court found this motion suitable for determination without oral argument and vacated the February 24, 2022, hearing. *See* ECF No. 16; *see also* Civ. L.R. 7-1(b). For the reasons discussed below, the Court GRANTS IN PART the motion for default judgment.

**I.    BACKGROUND**

According to the Complaint, Johnson is a level C-5 quadriplegic who cannot walk and has significant manual dexterity impairments. ECF No. 1 ("Compl.") ¶ 1. He uses a wheelchair for mobility and has a specially equipped van. *Id.* Defendant MKB Rescom is the alleged owner of

1  the real property located at 16860 Monterey Road, Morgan Hill, CA, where Johnson went to visit
2  the "Spring Day Spa" and avail himself of its services in March 2019, May 2019, and October
3  2019.  *Id.* ¶¶ 2, 8.  On the dates of his visits, Johnson found that Defendant failed to provide
4  wheelchair accessible parking in conformance with ADA standards.  *Id.* ¶ 10.  Johnson says that
5  he intends to return to the Spring Day Spa but is currently deterred from doing so because he
6  knows of the lack of wheelchair accessible parking.  *Id.* ¶ 17.  Johnson brings claims under the
7  ADA and Unruh Act and seeks injunctive relief, statutory damages, attorneys' fees, and costs.  *Id.*
8  at 7.

## II.  LEGAL STANDARD

Default may be entered against a party who fails to plead or otherwise defend an action, who is neither a minor nor an incompetent person, and against whom a judgment for affirmative relief is sought.  Fed. R. Civ. P. 55(a).  After an entry of default, a court may, in its discretion, enter default judgment.  *Id.* R. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In deciding whether to enter default judgment, a court may consider the following factors:  (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those related to damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).  When the damages claimed are not readily ascertainable from the pleadings and the record, the court may either conduct an evidentiary hearing or proceed on documentary evidence submitted by the plaintiff.  *See Johnson v. Garlic Farm Truck Ctr. LLC*, 2021 WL 2457154, at *2 (N.D. Cal. Jun. 16, 2021).

## III.  DISCUSSION

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and parties."  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  The Court discusses in turn

United States District Court
Northern District of California

jurisdiction, service of process, the *Eitel* factors, and Johnson's requested relief.

### A.   Jurisdiction

The Court has subject matter jurisdiction over this lawsuit. Federal question jurisdiction exists based on Johnson's federal ADA claim, 28 U.S.C. § 1331, and the Court can exercise supplemental jurisdiction over his California Unruh Act, *id.* § 1367. The Court also has personal jurisdiction over Defendant MKB Rescom. Johnson has submitted public records indicating that the MKB Rescom owns the property at 16860 Monterey Road, Morgan Hill, California. *See* Mot., Ex. 5, at 12, 17. It thus appears that MKB Rescom is subject to this Court's general jurisdiction. *See Daimler AG v. Baumann*, 571 U.S. 117, 134 (2014).

### B.   Service of Process

When a plaintiff requests default judgment, the court must assess whether the defendant was properly served with notice of the action. *See, e.g.*, *Solis v. Cardiografix*, No. 12-cv-01485, 2012 WL 3638548, at *2 (N.D. Cal. Aug. 22, 2012). Federal Rule of Civil Procedure 4 provides that service may be effected in accordance with state law. *See* Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Under California law, a corporation or limited liability company can be served by delivering the summons and complaint to one of an enumerated list of individuals, including the designated agent for service of process or the general manager of the entity. *See* Cal. Civ. P. Code 416.10; *Vasic v. Pat. Health, L.L.C.*, No. 13CV849 AJB (MDD), 2013 WL 12076475, at *2 (S.D. Cal. Nov. 26, 2013). A sworn proof of service constitutes "prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *G&G Closed Cir. Events, LLC v. Macias*, 2021 WL 2037955, at *2 (N.D. Cal. May 21, 2021) (quoting *Securities & Exchg. Comm'n v. Internet Solns. for Business, Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007)).

Johnson has filed a proof of service indicating that the summons and complaint were served by personal service pursuant to §§ 415.10, 416.10 on MKB Rescom's agent for service of process, Bob Bahram Hedayati. *See* ECF No. 10. The Court therefore finds that MKB Rescom was properly served with process.

### C.   *Eitel* Factors

The Court finds that the seven *Eitel* factors support entering a default judgment.

3

### i. Factors 1 and 4–7

On the first *Eitel* factor, the Court finds that Johnson would be prejudiced without a default judgment against Defendant. Unless default judgment is entered, Johnson will have no other means of recourse against Defendant. *See Ridola v. Chao*, 2018 WL 2287668, at *5 (N.D. Cal. May 18, 2018) (plaintiff prejudiced without default judgment because she "would have no other means of recourse against Defendants for the damages caused by their conduct").

The fourth *Eitel* factor requires the Court to consider the sum of money at stake in relation to the seriousness of Defendant's conduct. *See Love v. Griffin*, 2018 WL 4471073, at *5 (N.D. Cal. Aug. 20, 2018). Johnson seeks only statutory damages under the Unruh Act. While the sum requested is not insignificant, the Court finds it proportional to the conduct alleged.

Under the fifth and sixth *Eitel* factors, the Court considers whether there is a possibility of a dispute over any material fact and whether MKB Rescom's failure to respond was the result of excusable neglect. *See Love*, 2018 WL 4471073, at *5; *Ridola*, 2018 WL 2287668, at *13. Because Johnson pleads plausible claims for violations of the ADA and the Unruh Act, and as all liability-related allegations are deemed true, there is nothing before the Court that indicates a possibility of a dispute as to material facts. Moreover, there is no indication that Defendant's default was due to excusable neglect. MKB Rescom has not appeared or responded in this action, suggesting that it has chosen not to present a defense in this matter. Accordingly, these factors weigh in favor of default judgment.

On the seventh *Eitel* factor, while the Court prefers to decide matters on the merits, MKB Rescom's failure to participate in this litigation makes that impossible. *See Ridola*, 2018 WL 2287668, at *13 ("Although federal policy favors decision on the merits, Rule 55(b)(2) permits entry of default judgment in situations, such as this, where a defendant refuses to litigate."). Default judgment, therefore, is Johnson's only recourse. *See United States v. Roof Guard Roofing Co. Inc.*, 2017 WL 6994215, at *3 (N.D. Cal. Dec. 14, 2017) ("When a properly adversarial search for the truth is rendered futile, default judgment is the appropriate outcome.").

### ii. Factors 2 and 3

Under *Eitel* factors 2 and 3, the Court finds that the Complaint alleges meritorious

substantive claims for relief under the ADA and the Unruh Act.

Johnson must first establish Article III standing, which requires that he demonstrate he suffered an injury in fact, traceable to Defendant's conduct, and redressable by a favorable court decision. *See Ridola*, 2018 WL 2287668, at *5 (citing *Hubbard v. Rite Aid Corp.*, 433 F.Supp.2d 1150, 1162 (S.D. Cal. 2006)). Johnson claims that he suffers from a disability, that he personally encountered barriers at MKB Rescom's property that denied him full and equal access, and that he intends to return to the Spring Day Spa once its facilities are accessible to him. Compl. ¶¶ 1, 12-13, 17; *see Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014) ("Demonstrating an intent to return to a non-compliant accommodation is but one way for an injured plaintiff to establish Article III standing to pursue injunctive relief."). Johnson thus alleged that he has standing under the ADA.

On the merits, Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). For purposes of Title III, discrimination includes "a failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable[.]" 42 U.S.C. § 12182(b)(2)(A)(iv). To prevail on his Title III discrimination claim, Johnson must show that (1) he is disabled within the meaning of the ADA; (2) Defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) Johnson was denied public accommodations by Defendant because of his disability. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). To succeed on an ADA claim based on architectural barriers, Johnson "must also prove that: (1) the existing facility presents an architectural barrier prohibited under the ADA; and (2) the removal of the barrier is readily achievable." *Ridola*, 2018 WL 2287668, at *5. Although Johnson cites case law suggesting that defendants have the burden to establish as an affirmative defense that the removal of barriers is not "readily achievable," *see* Mot., at 8, 11, this proposition is outdated. The Ninth Circuit recently decided to adopt a burden-shifting framework to determine who bears the burden of proving that removal of an architectural barrier is readily achievable. *See*

United States District Court
Northern District of California

*Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1034-1039 (9th Cir. 2020). Under this analysis, the plaintiff bears the initial burden of plausibly showing that a proposal for removing a barrier is readily achievable, at which point the burden then shifts to the defendant with respect to the ultimate burden of persuasion on an affirmative defense that removal of a barrier is not readily achievable. *Id*.

Johnson has plausibly pled an ADA claim. First, Johnson has adequately alleged that he has a disability within the meaning of the ADA by alleging that he is a C-5 quadriplegic who cannot walk and uses a wheelchair for mobility. Compl. ¶ 1. Second, he has alleged that Defendant owns the property where a place of public accommodation, Spring Day Spa, is operated. *Id.* ¶¶ 2–3, 8-9; *see also* 42 U.S.C. § 12181(7)(L) (listing "gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation" as places of public accommodation). Third, Johnson alleges that during his visits to MKB Rescom's property, he personally encountered an access barrier: the lack of wheelchair-accessible parking. Compl. ¶¶ 10-12. Specifically, Johnson asserts that the parking stalls and access aisle were not level with each other due to a built-up curb ramp running into the access aisle. Decl. of Scott Johnson Supp. Pl's Req. Default J. ¶ 5, ECF No. 14-4. If true, these facts would result in violation of the 2010 ADA Accessibility Guidelines (ADAAG), which require that access aisles be at the same level as the parking spaces they serve. *See* ADAAG § 502.4. Johnson has also alleged that removal of these barriers is "readily achievable" because they are "easily removed without much difficulty or expense" and they are an example of "the types of barriers identified by the Department of Justice as presumably readily achievable to remove." Compl. ¶ 16; *see also Garlic Farm Truck Ctr. LLC*, 2021 WL 2457154, at *6 (finding these allegations sufficient at default judgment stage). On a motion for default judgment, those factual allegations are accepted as true. Accordingly, Johnson adequately alleges that MKB Rescom's property violated accessibility standards, and that he was denied access to facilities because of his disability.

In sum, the Court finds that Johnson's ADA claim is adequately pled and substantively meritorious in light of Defendant's failure to respond in this action. Because "[a]ny violation of the ADA necessarily constitutes a violation of the Unruh Act," *M.J. Cable*, 481 F.3d at 731,

6

1  Johnson has also sufficiently alleged an Unruh Act claim.  Thus, the second and third *Eitel* factors
2  also favor default judgment.

### D. Requested Relief

The Court has found default judgment appropriate, so now it considers Johnson's request for injunctive relief, statutory damages, and attorneys' fees and costs.

#### i. Injunctive Relief

Johnson requests an order directing MKB Rescom to "provide wheelchair accessible parking spaces." Mot. at 1.  Aggrieved individuals "may obtain injunctive relief against public accommodations with architectural barriers, including 'an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.'" *M.J. Cable*, 481 F.3d at 730 (quoting 42 U.S.C. § 12188(a)(2)).  Injunctive relief is also available under the Unruh Act. *See* Cal. Civ. Code § 52.1(h).  Injunctive relief is thus proper where Johnson establishes that "architectural barriers at the defendant's establishment violate the ADA and the removal of the barriers is readily achievable." *Ridola*, 2018 WL 2287668 at *13 (citing *Moreno v. La Curacao*, 463 Fed. Apps. 669, 670 (9th Cir. 2011)).  For the reasons discussed above, Johnson has done so here.  Accordingly, the Court grants Johnson's request for injunctive relief to bring the parking spaces in compliance with the 2010 ADAAG Standards.

#### ii. Statutory Damages

Johnson seeks statutory damages of $4,000 each for the three instances of discrimination he encountered at MK Rescom's property, for a total of $12,000.  Compl. at 7; Mot. at 14.  The Court has previously declined to award statutory damages for multiple visits to the same facility on a motion for default judgment. *See Garlic Farm Truck Center LLC*, 2021 WL 2457154, at *8 (granting only $4,000 in statutory damages because "it is unclear why [Johnson] repeatedly visited [the facility] when he knew the business was in violation of the ADA" and "[b]ehavior by [Johnson] indicates that his repeated visits are motivated by a desire to increase statutory damages").  For those same reasons, the Court will award only $4,000 in statutory damages here.

#### iii. Attorneys' Fees and Costs

Johnson requests $2,945 in attorneys' fees under both the ADA and the Unruh Act for

7

work performed by three attorneys and three legal assistants. Mot. at 14; *see id.*, Ex. 1 ("Handy Decl."). In support of the fees requested, Johnson presents detailed billing entries attached to Russell Handy's Declaration, expert analysis of fees for ADA-plaintiff attorneys by fee experts Richard Pearl and John O'Connor, and a survey report pulled from the Real Rate Report. *See* Mot. at 17-18; *see id.*, Handy Decl.; *id.*, Exs. 6-8. Further, Johnson cites case law from this district and others—in some instances, doing so in contravention of the Court's Standing Order re Civil Cases, Section IV.F.—that have granted attorneys' fees at the hourly rates Johnson is requesting. *See* Mot. at 15-17, 18-20. The Court finds that this evidence only partially substantiates Johnson's requests.

*a. Legal Standard*

The ADA and the Unruh Act give courts the discretion to award attorneys' fees to prevailing parties. *See M.J. Cable*, 481 F.3d at 730 (citing 42 U.S.C. § 12205); Cal. Civ. Code § 52.1(i). Whether calculating attorneys' fees under California or federal law, courts follow "the 'lodestar' method, and the amount of that fee must be determined on the facts of each case." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). Under the lodestar method, the most useful starting point "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. *Id.*

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986). "Generally, the relevant community is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th. Cir. 1997). The fee applicant bears the burden of producing evidence, other than declarations of interested counsel, that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Further, the district court should exclude hours not reasonably expended. *See Hensley*, 461 U.S. at 434.

*b. Rates*

The Court finds that the rates Johnson seeks exceed those that have been granted in this community for similar work performed by attorneys of comparable skill, experience, and reputation. The relevant community for this action is the Northern District of California. Indeed, for attorneys with approximately 20 or more years of experience, courts in this district have generally approved hourly rates ranging from $350 to $495 in disability cases. *See, e.g.*, *Castillo-Antonio v. Lam*, No. 18-cv-04593-EDL, 2019 WL 2642469, at *7 (N.D. Cal. Apr. 10, 2019) (approving, on motion for default judgment, $350 hourly rate for attorney with over 20 years of experience); *Johnson v. Castagnola*, No. 18-cv-00583-SVK, 2019 WL 827640, at *2 (N.D. Cal. Feb. 21, 2019) (approving $350 hourly rate for attorney with 20 years of litigation experience, noting that requested rate was unopposed by defendant and in line with rates approved in Northern District). Many of these cases have considered the same evidence that Johnson submits here and found that it does not support the rates he seeks. *See, e.g.*, *Johnson v. Huong-Que Restaurant*, 2022 WL 658973, at *5 (N.D. Cal. Mar. 4, 2022) (analyzing declarations of Mr. Handy, fee experts Mr. Pearl and Mr. O'Connor, and the Real Rate Report and finding only lower rates justified).

This Court finds the analysis of those cases persuasive and will award hourly rates in line with those cases. Mr. Potter will be awarded an hourly rate of $475. *See Huong-Que*, 2022 WL 658973, at *5; *An Khang Mi Gia*, 2021 WL 3908389, at *8. Ms. Seabock will be awarded an hourly rate of $350. *See Huong-Que*, 2022 WL 658973, at *5; *Garlic Farm Truck Center LLC*, 2021 WL 2457154, at *10. Ms. Zaman, who graduated in 2015, will be awarded $250 per hour. *See id.*; *Johnson v. AutoZone, Inc.*, 2019 WL 2288111, at *7 (N.D. Cal. May 29, 2019).

Johnson has also requested reimbursement of fees for legal assistants at an hourly rate of $100 and for Marcus Handy at an hourly rate of $200. *See* Mot. at 20. The Court agrees with other courts in this district that an hourly rate of $100 is reasonable for paralegal and legal assistant fees. *See Lopez v. San Francisco Unified Sch. Dist.*, 385 F. Supp. 2d 981, 992 (N.D. Cal. 2005); *Whitaker v. Joe's Jeans Inc.*, 2021 WL 2590155, at *5 (N.D. Cal. June 24, 2021). The Court has previously rejected a higher billing rate for Marcus Handy based on similar

9

1  submissions.  *See An Khang Mi Gia*, 2021 WL 5908389, at *9.  For the same reasons, the Court
2  awards a $100 hourly rate for all legal assistants' time, including Mr. Handy.

### c. Hours

Johnson requests fees based on 5.8 hours of work.  *See* Handy Decl. at 7-10.  This Court and other courts in this district have found as much as 11 hours of work to be reasonable for similar cases.  *See, e.g.*, *Ridola*, 2018 WL 2287668 at *17 (granted motion for default judgment in ADA case, found 11.1 hours to be reasonable); *Huong-Que*, 2022 WL 658973, at *5 (7.8 hours of work).  Johnson's billing summary shows 5.8 hours were expended in this litigation:  Mr. Potter expended 0.8 hours, Ms. Seabock expended 0.3 hours, Ms. Zaman expended 2.1 hours, and paralegals and staff expended 2.6 hours.  *See* Handy Decl. at 7-10.  Further, the Court has reviewed the itemized statement of Johnson's counsel's legal work and finds no issue with the amount of time or activities that Johnson's counsel has conducted.  *See id.*  The number of hours requested is thus reasonable.

### d. Costs

In addition, Johnson seeks service costs ($45), filing fees ($400), and investigation costs ($400).  *See* Mot. at 21-22; Handy Decl. at 8-9.  The ADA provides that the prevailing party may recover "litigation expenses[] and costs."  42 U.S.C. § 12205; *see Johnson v. VN Alliance LLC*, 2019 WL 2515749, at *8 (N.D. Cal. June 18, 2019) (awarding costs, filings fees, and investigation costs).  Accordingly, the Court grants Johnson's request for $845 in costs.

### e. Summary

The Court's award of fees and costs is summarized below.

| Name | Rate Awarded | Hours Awarded | Fees/Costs Awarded |
|---|---|---|---|
| **Mark Potter** | $475 | 0.8 | $380 |
| **Amanda Seabock** | $350 | 0.3 | $105 |
| **Tehniat Zaman** | $250 | 2.1 | $525 |
| **Marcus Handy** | $100 | 1.8 | $180 |
| **Other Staff** | $100 | 0.8 | $80 |
|  |  | **Total Fees** | $1,270 |

|  |  |
|---|---|
| Costs | $845 |
| **TOTAL Fees & Costs** | **$2,115** |

## IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

- Johnson's motion for default judgment is GRANTED IN PART;
- Johnson is AWARDED statutory damages in the amount of $4,000;
- Johnson is AWARDED $2,115 in attorneys' fees and costs;
- Johnson is GRANTED an injunction requiring MKB Rescom to bring its parking spaces in compliance with the 2010 ADAAG Standards; and
- Johnson SHALL promptly serve MKB Rescom with this Order and the Default Judgment and file a proof of service with the Court.

Dated:  April 8, 2022

_____
BETH LABSON FREEMAN
United States District Judge